UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Chapter 13

Barbara Jean Davis,                                               Case No. 13-40412

    Debtor.                                              Hon. Steven W. Rhodes
_____/

Barbara Jean Davis,                                               Adversary Proceeding
                                                                  No. 13-04749-SWR
    Plaintiff,

v.

One West Bank, FSB,
d/b/a Indy Mac Mortgage Services,

    Defendant.
_____/

### ORDER REGARDING MOTION FOR RECONSIDERATION

This order pertains to a motion for reconsideration (ECF No. 24) filed by the defendant, One West Bank, FSB on March 21, 2014. The background for the motion is as follows.

This is the Debtor's second bankruptcy case. On March 27, 2012, the Debtor filed a Chapter 7 bankruptcy case, case no. 12-47561 ("Chapter 7 Case"). The Debtor obtained a discharge in the Chapter 7 Case on July 10, 2012. The Chapter 7 Case was closed on July 16, 2012.

The Debtor filed this Chapter 13 case on January 9, 2013. On her schedule A, the Debtor listed an interest in real property located at 12232 East Outer Drive, Detroit, Michigan. This is the Debtor's residence ("Residence"). The Debtor's schedule D listed a mortgage ("Mortgage") on the Residence held by Indy Mac Mortgage Services in the amount of $169,000.00. The Debtor's initial plan proposed to pay the Mortgage, including the arrearage that had accrued under the Mortgage.

However, notwithstanding the proposed treatment for the Mortgage under the Debtor's plan, the Debtor filed this adversary proceeding on June 27, 2013 against One West Bank, FSB, d/b/a Indy Mac Mortgage Services ("Defendant"). The complaint alleged that the Debtor did not sign the Mortgage, but only her husband had signed it. The complaint further alleged that the Debtor's purported signature on the Mortgage was a forgery. The complaint sought a declaratory judgment that the Mortgage is unenforceable and, further, an order quieting title to the Residence. The Debtor then filed an amended plan in her Chapter 13 case that proposed no payments on the Mortgage.

Although the summons and complaint in this adversary proceeding were properly served upon the Defendant, the Defendant did not answer the complaint. As a result, on July 30, 2013, the Clerk entered a default. On July 31, 2013, the Debtor filed a motion for default judgment. The Court scheduled a hearing on the motion for default judgment on August 21, 2013, at the same time as the scheduled hearing on confirmation of the Debtor's plan. The Debtor and her attorney attended the hearing. The Court asked a number of questions of the Debtor and the Debtor's counsel at the hearing regarding the motion for default judgment. At the conclusion of the hearing, the Court granted the motion for default judgment, although the Court modified the form of the proposed order that the Debtor had attached to her motion. The Court entered the default judgment on August 21, 2013.

On September 28, 2013, the Court entered an order confirming the Debtor's third amended Chapter 13 plan. Consistent with the default judgment in this adversary proceeding, the third amended plan did not provide for any payments on the Mortgage. On February 26, 2014, the Chapter 13 Trustee filed a final report and account in the Debtor's Chapter 13 case and the case was closed.

On January 22, 2014, the Defendant filed a motion in this adversary proceeding to vacate the default and default judgment. On February 8, 2014, the Debtor filed a response and a brief. On March 3, 2014, the Defendant filed a reply. On March 7, 2014, the Court held a hearing on the motion to vacate the default and the default judgment.

At the hearing, the Court found that the Defendant had established that there was excusable neglect and that the Defendant explained why it did not answer the Debtor's complaint. However, the Court denied the motion because the Defendant failed to establish a meritorious defense to the complaint and failed to demonstrate that the Debtor would not be prejudiced if the Court were to vacate the default judgment. On March 17, 2014, the Court entered an order (ECF No. 23) denying the Defendant's motion to set aside the default and default judgment.

On March 21, 2014, the Defendant filed a motion for reconsideration (ECF No. 24) pursuant to Local Bankruptcy Rule 9024-1. That rule provides that a party moving for reconsideration must demonstrate a palpable defect by which the Court and the parties have been misled, and must show that a different disposition of the case will result from a correction of the defect. The Defendant's motion alleges that there was a palpable defect in the Court's ruling for several reasons.

First, the Defendant argues that the Debtor's allegation that her signature on the Mortgage was forged is contrary to her own conduct. Specifically, the Defendant points out that on November 7, 2012, the Debtor wrote to the Defendant to request a loan modification of the Mortgage and made no mention of any alleged forgery. Second, the Defendant argues that the Debtor filed four separate Chapter 13 plans in this case, and the first three of those plans all provided for payment of the Mortgage without any allegation that the Mortgage was forged. It was only the Debtor's third amended plan, filed after the complaint in this adversary proceeding, that for the first time did not provide for payment of the Mortgage. Third, the Defendant has now hired an expert

-3-

witness who prepared a report analyzing the Debtor's signature on the Mortgage and comparing it to other signatures of the Debtor. The Defendant contends that the expert's report shows that there was no forgery. Fourth, the Defendant argues that the Debtor's complaint requested a declaratory judgment voiding the Mortgage and quieting title to the Debtor's Residence, all of which is equitable relief to which the Debtor is not entitled. Specifically, the Defendant argues that any request for equitable relief of this nature must be accompanied by the Debtor returning any loan proceeds that were given to her husband if she intends to ask the Court to determine that the Mortgage is void. Fifth, the Defendant argues that there would be no prejudice to the Debtor if the default judgment is set aside because the Debtor can reopen her Chapter 13 case and propose a modification to her confirmed Chapter 13 plan that provides for payment of the Mortgage.

Local Bankruptcy Rule 9024-1(a)(2) states that when a motion for reconsideration is filed, no response to the motion and no oral argument thereon shall be allowed unless the court orders otherwise. In this instance, it is not necessary for the Debtor to respond to each of the arguments raised by the Defendant in its motion for reconsideration. Nonetheless, the Court concludes that further proceedings are necessary with respect to the Defendant's motion for reconsideration. Before explaining that conclusion, the Court will first dispense with those arguments raised by the Defendant in its motion for reconsideration, that do not meet the standard required by L.B.R. 9024-1.

Most of the memorandum and materials assembled by the Defendant in support of its motion for reconsideration focus on the Court's finding at the hearing on March 7, 2014 that the Defendant failed to show that it had a meritorious defense. With the motion for reconsideration, the Defendant now provides an expert's report, copies of loan documents, a copy of a November 7, 2012 letter from the Debtor, and an affidavit of Rebecca Marks. None of these materials, nor any arguments

based upon these materials, were set forth in the Defendant's motion to vacate the default judgment. Had the Defendant assembled these materials and made these arguments in its initial motion, perhaps it would have been more successful. Instead, when the Defendant filed its motion to vacate the default judgment, the Defendant did not provide the Court with a proposed answer to the complaint filed by the Debtor. Further, the Defendant did not provide the Court with any affidavit or documents to show that it had a meritorious defense. The Defendant did not even identify in its brief what possible facts or possible defenses it believed that it had to the complaint. The Defendant's motion to vacate the default judgment simply missed this issue altogether. That's why the Court denied the motion to vacate the default judgment.

Having lost its motion to vacate the default judgment by failing to offer any potential defense to the complaint, the Defendant has now developed new facts and new legal theories to show that it does have a meritorious defense, although it still has not provided the Court with a proposed answer to the Debtor's complaint. The arguments that the Defendant now makes regarding its purported meritorious defense are entirely new arguments. Ordinarily, motions for reconsideration are not an opportunity to reargue a case and should not be used by parties to raise arguments which could and should have been made before the order from which relief is sought is entered. See In re Grady, 417 B.R. 4, 6 (Bankr. W.D. Mich. 2009) ("Motions for reconsideration are 'not an opportunity to re-argue a case' and should not be used by the parties to 'raise arguments which could, and should, have been made before judgment issued.'") (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). Nor are motions for reconsideration appropriate merely to let a losing party supplement the record that was before the Court at the time that it lost. Id. ("Nor are motions for reconsideration appropriate merely to let the

-5-

13-04749-pjs    Doc 25    Filed 05/09/14    Entered 05/09/14 18:16:26    Page 5 of 7

losing party supplement the evidentiary record that was before the court.") (citations omitted). The Court is not persuaded that these new arguments warrant reconsideration.

However, in reviewing the Defendant's motion for reconsideration and the facts alleged in it, an issue does arise that warrants further proceedings. Specifically, in the course of considering the argument made by the Defendant that the Debtor had somehow "ratified" the mortgage loan documents held by the Defendant, the Court reviewed the Debtor's schedules, both in this case and in the Chapter 7 Case, to see if the Debtor had previously asserted any claims against the Defendant based on allegations of forgery. The Debtor's schedules in this Chapter 13 case do not list any claims against the Defendant, nor do the Debtor's schedules in this Chapter 13 case raise any dispute with respect to the Mortgage. More importantly, the Debtor's schedules in the Chapter 7 Case do not show that the Debtor either listed any claims against the Defendant on her schedule B, or listed any defenses to the Mortgage on her schedule D.

The Court is troubled by the fact that the Debtor obtained a discharge in the Chapter 7 Case without listing any claims against the Defendant on her schedule B, and without listing any defenses to the Mortgage on her schedule D. It seems likely that the Debtor would have known at the time of the Chapter 7 Case that the Mortgage, which had been granted years before the Chapter 7 Case, was a forgery. Although this issue was not specifically raised by the Defendant in its motion for reconsideration, the Court has an independent duty to consider whether relief that is sought before it is warranted by the facts and by applicable law. The Court has very serious concerns as to whether any claim of forgery of the Mortgage made by the Debtor can now be prosecuted by the Debtor in this Chapter 13 case in light of the schedules that the Debtor filed in the Chapter 7 Case. The issue that arises, simply put, is whether the Debtor, having listed no forgery claim in the Chapter 7 Case, and having obtained a discharge in the Chapter 7 Case, is now judicially estopped

from asserting a claim against the Defendant based upon forgery of her signature as a basis for a declaratory judgment voiding the Mortgage and quieting title to the Residence. See DeMarco v. Ohio Decorative Products, Inc., 19 F.3d 1432 (Table), 1994 WL 59009, at *15 n.7 (6th Cir. Feb. 25, 1994) (stating that judicial estoppel is intended "to protect the integrity of the judiciary, not the individual litigants" and that, "even had defendants not raised the argument on appeal, we could sua sponte consider whether judicial estoppel is appropriate under the facts presented") (citations omitted).

As noted, L.B.R. 9024-1 gives the Court discretion in determining what proceedings are warranted with respect to a motion for reconsideration. Here, it is appropriate to exercise that discretion to more fully develop the record with regard to the judicial estoppel issue addressed in this order. Accordingly,

**IT IS HEREBY ORDERED** that a conference with respect to Defendant's motion for reconsideration and, more specifically, with respect to the judicial estoppel issue addressed in this order, will be held on **May 21, 2014 at 10:30 a.m.**, before the Honorable Phillip J. Shefferly, in Courtroom 1975, 211 West Fort Street, Detroit, Michigan 48226. The Court will confer with the parties at that time regarding the briefing of that issue, and regarding further proceedings on the Defendant's motion for reconsideration.

**Signed on May 09, 2014**

                                                          **/s/ Phillip J. Shefferly**
                                                          **Phillip J. Shefferly**
                                                          **Chief Bankruptcy Judge**

                                                          **Acting in the absence of**
                                                          **Judge Rhodes**